UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROSS MACLIN,

        Petitioner,        Case No. 1:25-cv-813

v.        Honorable Phillip J. Green

RANDEE REWERTS,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner is granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 3.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not

parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

## Discussion

**I.     Factual Allegations**

Petitioner Ross Maclin is incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility. Petitioner is serving a life sentence imposed by the Wayne County Circuit Court following a jury's determination that Petitioner was guilty of first-degree murder. *See* Offender Tracking Information Service, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=148094 (last visited Dec. 7, 2025). Petitioner was 19 years old on the date of the offense. *Id*.

On April 10, 2025, the Michigan Supreme Court issued a decision in *People v. Taylor*, Nos. 166428, 166654, 2025 WL 1085247 (Mich. Apr. 10, 2025). The court held that the Michigan constitution's prohibition against the infliction of cruel or unusual punishment barred application of a mandatory sentence of life without parole to a person who was 19 or 20 years old at the time of the person's offense. *Taylor*, 2025 WL 1085247, at *16. Instead, such persons are entitled to individualized sentencing. *Id*. at *6.

At the time of the *Taylor* decision, Petitioner's application for leave to appeal the resolution of a motion for relief from judgment was pending before the Michigan Supreme Court. *See* Case Information, *People v. Maclin*, No. 167673 (Mich.), https://www.courts.michigan.gov/c/courts/coa/case/370702 (last visited Dec. 7, 2025). On June 27, 2025, in lieu of granting Petitioner's application, the Michigan Supreme Court vacated Petitioner's mandatory life without parole sentence and remanded the

4

case back to the trial court for individualized sentencing as required by *Taylor*. *People v. Maclin*, 21 N.W.3d 896 (Mich. 2025).

Petitioner contends that the vacation of his sentence has changed his status from convicted prisoner to pretrial detainee. (Pet., ECF No. 1, PageID.1–2.) Petitioner argues further that as a pretrial detainee, Respondent has no right to detain Petitioner. (*Id.*) Petitioner also suggests that when he complained about Respondent's continued detention of Petitioner, he was thrown into solitary confinement, denied a lawyer, and not permitted a bond hearing. (*Id.*) Petitioner asks the Court to enter an immediate order to show cause compelling Respondent to justify his continued detention. (*Id.*, PageID.2.)

## II.    AEDPA Standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could

disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)); *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so

6

lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotation marks omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on

the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

### III. Convicted Prisoner or Pretrial Detainee

Petitioner's claim for relief depends entirely on the premise that he is now a pretrial detainee. He is not.

Petitioner cites two Michigan Court of Appeals opinions to support his argument: *People v. Holbrook*, 447 N.W.2d 796 (Mich. App. 1989), and *People v. Pixler*, 350 N.W.2d 765 (Mich. App. 1984). In both cases, the defendants had their original convictions reversed on appeal. Both defendants also argued that, after the reversal, the prosecutors had violated Mich. Comp. Laws § 780.131, which provides:

> Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of

this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail.

Mich. Comp. Laws § 780.131. In *Holbrook*, the court explained:

> In 1982, defendant was convicted by a jury of first-degree murder. On September 9, 1986, this Court reversed defendant's conviction and remanded for a new trial. 154 Mich. App. 508, 397 N.W.2d 832 (1986). Defendant's new trial was scheduled for February 22, 1988.
>
> On February 5, 1988, the trial court denied defendant's motion to dismiss based on a violation of the 180-day rule, M.C.L. § 780.131; M.S.A. § 28.969(1). That same day, defendant pled nolo contendere to second-degree murder.
>
> Defendant's sole contention on appeal is that the trial court was divested of its jurisdiction when it accepted his plea because the prosecution violated the 180-day rule. The prosecution, on the other hand, contends that the 180-day rule is inapplicable here because, although defendant remained physically in the custody of the Department of Corrections after his sole conviction was reversed on appeal, defendant was a pretrial detainee, and not an inmate of the state penal system. We agree with the prosecution that the 180-day rule is inapplicable here.
>
> In *People v. Pixler*, 134 Mich. App. 143, 145, 350 N.W.2d 765 (1984), this Court found that once the defendant's original conviction was reversed on appeal he was no longer an inmate of the state prison awaiting trial on other charges, but, rather, was a pretrial detainee, and, therefore, the 180-day rule did not apply.
>
> On the basis of *Pixler*, we agree with the prosecution that the 180-day rule is inapplicable here. Defendant was an inmate of a state penal institution only as long as he had a conviction and sentence that placed

> him in that system. Once this Court reversed defendant's sole conviction and judgment of sentence, defendant was no longer an inmate of a state penal institution as envisioned by M.C.L. § 780.131; M.S.A. § 28.969(1). This is not a case where defendant remained in prison to serve time on unrelated convictions.

*Holbrook*, 447 N.W.2d at 797.

Petitioner's situation is different than Holbrook's or Pixler's. Petitioner's sentence was vacated, but his conviction was not. He remains a convicted prisoner of the Michigan Department of Corrections. He is simply awaiting resentencing. He is not a pretrial detainee. Moreover, even if Petitioner's conviction had been reversed and, for that reason, he was a pretrial detainee, that status would not call into question Respondent's right to detain him. Like Holbrook, he would still properly "remain[] physically in the custody of the Department of Corrections . . . ." *Id.*

Petitioner also mentions that Respondent has imposed improper conditions of confinement: placement in solitary confinement and denial of access to the library.[2] (Pet., ECF No. 1, PageID.2.) If Petitioner was a pretrial detainee, that change in status might impact the permissible conditions of his confinement. While the Eighth Amendment limitation applies to "punishments," a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnote and citations omitted). When a claim of deliberate indifference "is asserted on behalf of a pretrial detainee, the Due Process

---

[2] Petitioner also notes that Respondent has not provided an opportunity for bond or the appointment of a lawyer. (Pet., ECF No. 1, PageID.2.) Petitioner does not explain why Respondent might be obligated to provide Petitioner either benefit.

Clause of the Fourteenth Amendment is the proper starting point." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (internal quotation marks and citations omitted). The standards are different.

The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of habeas petitions under § 2254, rather than complaints under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).[3] Conversely, constitutional challenges to the conditions of confinement are proper subjects for relief under 42 U.S.C. § 1983. *See id.*; *see also, e.g.*, *Richards v. Taskila*, No. 20-1316, 2020 WL 6075666, at *1 (6th Cir. Sept. 3, 2020) ("As the district court noted, habeas review is limited to claims challenging the fact or duration of a prisoner's confinement, and constitutional challenges to the conditions of a confinement are more appropriately brought in a § 1983 civil rights action." (citations omitted)).

Further, the United States Court of Appeals for the Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) ("The criteria to

---

[3] In *Preiser*, the United States Supreme Court did not foreclose the possibility that habeas relief might be available for some conditions of confinement claims. 411 U.S. at 499. However, the Supreme Court has never upheld a "conditions of confinement" habeas claim. Indeed, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court acknowledged that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983 . . . ." *Id.* at 751 n.1.

which Owens refers involves the conditions of his confinement . . . . This is not the proper execution-of-sentence claim that may be pursued in a § 2254 petition." (citation omitted)); *Hodges v. Bell*, 170 F. App'x 389, 392–93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . do not in any way implicate the validity of his conviction or duration of his state-court sentence . . . . As such, Hodges's allegations are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983." (citation omitted)). Here, Petitioner's claims regarding access to the library and placement in solitary confinement are claims regarding the conditions of his confinement and are not cognizable on habeas review.

For all of these reasons, Petitioner has failed to raise a meritorious federal claim and his petition will be dismissed.

## IV.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of

each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court finds that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order granting Petitioner leave to proceed *in forma pauperis* and denying a certificate of appealability.


Dated:  December 9, 2025                         /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge